## SEPTEMBER TERM, 1897.

[No. 1237.]
### CRADDOCK v. GODDING.

PRACTICE—PLEADING—EVIDENCE.
Plaintiff alleged that he was payee of a promissory note which he sold
to defendant and that defendant was to pay him for the note the
face value when collected, and that the note had been collected by
defendant. Defendant answered by general denial. Under such
answer evidence tending to prove that at the time of the transfer
of the note by plaintiff to defendant, plaintiff was indebted to de-
fendant and the note was transferred in part payment of such indebt-
edness, was properly admitted. Such evidence was in support of
the denial that any indebtedness ever existed from defendant to
plaintiff, and was not evidence of payment of such indebtedness.

*Error to the District Court of Pueblo County.*

Messrs. McCASKILL & PHILLIPS, for plaintiff in error.

Mr. B. L. CARR, for defendant in error.

WILSON, J., delivered the opinion of the court.

Plaintiff in error, who was plaintiff in the lower court,
alleges in his complaint, *inter alia,* that he was the payee in,
and owner of a promissory note by which the makers prom-
ised to pay to him one year after date, the principal sum of
$1,185.25 with interest from date at ten per cent per annum;
that he sold and delivered the note to defendant on the date
of its execution for the consideration of $1,185.25, to be paid
to plaintiff by defendant "when said note should be col-
lected;" that said note had been paid by its makers, and
judgment was prayed for the amount so received by defend-
ant. The answer was a general denial. Upon trial, evidence
was offered on behalf of defendant and received over the

objections of plaintiff to the effect, that at the time of the transfer of the note plaintiff was indebted to defendant in a sum in excess of the amount expressed in the note, that the note was assigned to and received by defendant in part payment of such indebtedness; that this was the sole consideration of the assignment, and that there was no promise by defendant to pay to plaintiff the amount of the note when collected or any part of it. Plaintiff claims that this evidence should only have been admissible in support of a special plea of payment, and that there was no such plea set up in the answer. We cannot take this view of it upon the facts presented. It is unnecessary to discuss the mooted question as to whether or not in this jurisdiction, proof of payment can be admitted under an answer setting up only a general denial of the averments in the complaint. Whatever may be the rule it would not be necessary to invoke it in the case at bar. This was not an action upon a note. The indebtedness of defendant according to the allegations in the complaint existed, if at all, by virtue of a promise of defendant, express or implied, to pay to plaintiff the amount of the note assigned to him when collected. The answer put in issue this promise. It denied that the debt sued upon ever existed, and the evidence objected to was in support of this denial by showing that the assignment of the note in question was made to and accepted by defendant as part payment on an indebtedness to him then owing by plaintiff. There was no attempt to prove that the indebtedness sued upon had been paid. There was an effort to show that the debt never had an existence, and the evidence objected to was to this effect. It was clearly admissible.

There was material conflict in the testimony given by the plaintiff and the defendant, who were the chief witnesses at the trial, but the evidence as shown by the record, being sufficient to sustain the judgment it will not be disturbed.

*Affirmed.*